```
            IN THE UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF ARKANSAS
                     PINE BLUFF DIVISION
```

KEITH ALLEN DEATON                                          PETITIONER

vs.                   Civil Case No. 5:08CV00221 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                           RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

> 1. Why the record made before the Magistrate Judge is inadequate.
>
> 2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

Keith Allen Deaton, an inmate of the Arkansas Department of Correction, seeks a writ of habeas corpus under 28 U.S.C. § 2254.[1] On January 3, 1977, Petitioner entered guilty pleas to capital murder and burglary, and he received concurrent terms of life

---

[1] Petitioner also cites 28 U.S.C. § 2241 as a basis for jurisdiction, but he is in custody pursuant to a judgment of a state court, and he may only obtain habeas relief through § 2254, no matter how he styles his petition. <u>Crouch v. Norris</u>, 251 F.3d 720, 723 (8th Cir. 2001).

imprisonment without parole and twenty years' imprisonment. Respondent's Attachment #1, Exhibit A at 17-33. His claims here and in state court are based on his contention that an intervening event, not his assault on the victim during the burglary, caused the victim's death, and that this was not known to him, his attorney or the court at the time he entered his guilty pleas.

Under Rule 1(a) of the Arkansas Rules of Appellate Procedure-Criminal, Petitioner was not entitled to file a direct appeal except as provided in A.R.Cr.P. 24.3(b), which does not apply here. He was, however, afforded a post-conviction remedy under Rule 37 of the Arkansas Rules of Criminal Procedure. He filed a Rule 37 motion in October 1985, eight years after his guilty pleas, asserting counsel was ineffective for failing to investigate the circumstances of the charges against him before advising him to plead guilty. He argued that, if counsel had properly investigated, he would have learned Petitioner's assault on the victim did not cause her death, that she had a large amount of Valium in her bloodstream at the time of her death, and that she also had bilateral bronchopneumonia. He also contended counsel informed him state law provided that, since the victim died within one year and a day of the offense, he was guilty of homicide, but this was in error because state law regarding causation had changed. Respondent's Attachment #2, Exhibit A at 65-72. The docket sheet in Petitioner's criminal case indicates the state


court never ruled on the Rule 37 petition.  Respondent's Attachment #2, Exhibit A at 74-75.

On July 23, 2007, thirty years after his guilty pleas, Petitioner filed a state petition for writ of error coram nobis, asserting he is innocent of the charges because the victim died of an infection unrelated to the injuries inflicted by him when he assaulted her.  Respondent's Attachment #1, Exhibit A at 6-17.  He also asserted the State refused to provide him with the victim's medical records then available, claiming it was "too expensive," and that the medical examiner, Dr. Rodney F. Carlton, did not have the records when he determined the cause of death.  He attached a letter from Dr. Carlton dated April 19, 1995, in which Dr. Carlton stated a review of the missing records convinced him "that a supervening cause did occur;" that the victim died of pneumonia; "and that there was a probable narcotic toxicity (drug overdose)."  Respondent's Attachment #1, Exhibit A at 43.

He attached another letter dated September 19, 2006, and addressed to then Governor Mike Huckabee, in which Dr. Carlton stated the "reported cause of death would have eliminated homicide as a possibility if the medical record containing evidence of the infection had been made available to me."  Respondent's Attachment #1, Exhibit A at 9-10, 35.

He also argued the prosecutor failed to meet his legal obligation established in Brady v. Maryland, 373 U.S. 83 (1963), to

provide exculpatory evidence to the defense. Respondent's Attachment #1, Exhibit A at 15.

In an attempt to explain the delay in filing his petition, Petitioner stated the "medical facts were withheld until 1979," and that he attempted to proceed under Rule 37, he sought a pardon from Governor Jim Guy Tucker and he sought clemency from Governor Huckabee. Respondent's Attachment #1, Exhibit A at 13.

The state circuit court denied the Rule 37 petition without a hearing, finding the victim's medical records were available to counsel at the time of the pleas, or counsel could have obtained them through a motion for discovery. The court further found Petitioner did not present a valid excuse for his delay in bringing his motion, and he did not exercise due diligence, as required in order to obtain the writ. Respondent's Attachment #2, Exhibit A at 125-27.

Petitioner appealed (Respondent's Exhibits C & D), and the Arkansas Supreme Court affirmed. Deaton v. State, 373 Ark. 605 (2008) (Respondent's Exhibit B). The court found the trial court did not abuse its discretion in denying the petition without a hearing because Petitioner's own statements in the petition displayed a lack of diligence, and the 1995 letter showed a "delay of at least ten or, quite possibly, more than twenty, years following appellant's discovery of the allegedly hidden facts...." The court further found Petitioner could have pursued coram nobis

relief while he pursued Rule 37 relief, and he did not present a valid reason for his delay in the petition. The court concluded it was clear Petitioner did not act with due diligence. Id. at 608-09.

In this proceeding, Petitioner raises the following grounds for relief:

> 1. He was denied due process by the entry of a judgment of guilty on the charge of capital murder because he is actually innocent of that charge;
>
> 2. He was denied his right to due process when the state trial court and the state appellate court refused to grant his petition for a writ of error coram nobis and refused to allow him to present evidence to show he was entitled to the writ; and
>
> 3. Counsel was constitutionally ineffective when he failed to obtain medical records that showed Petitioner did not cause the death of the victim and when he failed to question the findings of the State's expert witness prior to advising Petitioner to plead guilty to capital murder.

Respondent contends the petition is untimely under 28 U.S.C. § 2244(d)(1); the court does not have subject matter jurisdiction because grounds one and two fail to state claims that are cognizable under § 2254; and all of the grounds are procedurally barred, except the challenge to the trial court's failure to grant him a hearing on his coram nobis petition, which is not cognizable here.

I.

The federal habeas corpus statutes were amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which

established a one-year limitations period for filing habeas corpus petitions under § 2254.  28 U.S.C. § 2244(d)(1).  The triggering date in the present case is the date on which the judgment became final.  28 U.S.C. § 2244(d)(1)(A).  Because there is no right to appeal a guilty plea in Arkansas, an Arkansas judgment based on a guilty plea is final the day the trial court enters the judgment and commitment.  See Ark. R.Crim. P. 37.2(c); Ark. R.App.P.-Civil 4(d); Anderson v. Norris, No. 5:07CV203 JMM-HLJ, recommended disposition at 2 (E.D.Ark. March 13, 2008), adopted by order of district court, 2008 WL 905870 (E.D.Ark. March 31, 2008). Petitioner's commitment order was entered on January 11, 1977, Respondent's Exhibit A, Attachment #1 at 18, and his judgment became final on that date.

The AEDPA amendments were enacted and became effective on April 24, 1996.  Because Petitioner's judgment became final prior to the statute's enactment, the one year limitations period did not begin to run until the effective date of the statute, making his federal habeas petition due no later than April 24, 1997.  See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.), cert. denied, 539 U.S. 918 (2003).[2]

---

[2] Although not relied upon by Petitioner, in some cases the triggering date may be "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  The factual predicate of a claim "could have been discovered" when a petitioner knows or should have known through due diligence "the vital facts underlying" the claim.  Earl v. Fabian, 556 F.3d 717,

II.

Petitioner argues in his Reply (DE #20) that his petition is timely under § 2244(d)(2), which provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  He contends his Rule 37 petition tolled the statute of limitations when he filed it in 1985 and, since the state court never ruled on the petition, it remained pending and continued to toll the statute at least until he filed his coram nobis petition in 2007.  From that point, he argues, the coram nobis petition tolled the limitations period until June 5, 2008, when the Arkansas Supreme Court affirmed the circuit court's dismissal of the coram nobis petition and, since he filed the § 2254 petition two months later, it is timely.

---

725 (8th Cir. 2009) (internal quotation omitted).  The court has considered whether this petition would be timely if the triggering date was the date Petitioner discovered the evidence he alleges shows the victim did not die as a result of his actions, and I find it would not.  Petitioner states in his petition for writ of error coram nobis that "medical facts were withheld until 1979, 2 years after" his imprisonment.  Attachment #1, Respondent's Exhibit A at 8, Petition for Writ of Coram Nobis at 13.  Petitioner also asserts in his coram nobis petition, and the Arkansas Supreme Court found, that he knew as early as April 19, 1995, of the possible argument that the victim died of an infection unrelated to the injuries inflicted by him, as evidenced by a letter he submitted with his application for a pardon.  Attachment #1, Respondent's Exhibit A at 4, Petition for Writ of Error Coram Nobis at 9; Respondent's Exhibit B.  All of these dates precede the grace period from April 1996 through April 1997.

Respondent argues Petitioner's Rule 37 petition did not toll the limitations period because it was untimely and therefore not "properly filed," as required by the language in § 2244(d)(2). A state application for post-conviction or collateral relief is "'filed' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record,..." and it "is '<u>properly</u> filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including time limitations. <u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000)(emphasis in original).[3]

Rule 37 was amended on December 18, 1978, to provide a three-year limitations period for filing post-conviction petitions. <u>See Locklear v. State</u>, 290 Ark. 70, 71 (1986) (per curiam)(applying three-year limitation period to collateral attack on a 1977 guilty plea, noting that the limitation period would run from the date of its enactment); <u>Abdullah v. State</u>, 290 Ark. 537, 540 (1986)(finding that, although the limitation period was not in effect when defendant was sentenced, his motion was untimely even if court allowed him three years from the date of enactment). Since

---

[3] The fact that the Arkansas Supreme Court has not specifically ruled on the Rule 37 petition or its timeliness is of no consequence because this court must make an independent determination of the timeliness question, even where a state court reaches the merits of a petition without determining its timeliness. <u>See</u> <u>Runyan v. Burt</u>, 521 F.3d 942, 945 (8th Cir. 2008) (untimely state post-conviction petition not "properly filed" under § 2244(d)(2), even though state court dismissed petition on the merits).

Petitioner's conviction was final prior to the amendment, and the limitations period did not start to run until the effective date of the amendment, Petitioner had until December 18, 1981, to file his Rule 37 motion.  Since he did not file his motion until October 1985, almost four years beyond the expiration of the Rule 37 limitations period, it appears it was untimely.

Relying on <u>Hooten v. State</u>, 245 Ark. 425 (1968), Petitioner argues the three-year limitation period did not apply to his Rule 37 petition.  He contends his basis for relief there, that "he did not freely, voluntarily and knowingly enter a guilty plea in this matter, based upon the fact that the State of Arkansas had withheld information relevant to the case," would have rendered his judgment void under former section (c) of Rule 37.2.  Petitioner's Reply (DE #20) at 3.

<u>Hooten</u> stands for the proposition that a guilty plea induced by promises or threats is void under <u>Machibroda v. United States</u>, 368 U.S. 487 (1962).  It did not involve an allegation that the State induced a defendant to enter a guilty plea by withholding evidence.

Additionally, Petitioner did not assert the State withheld evidence and induced his guilty plea in his Rule 37 petition.  He argued his plea was not voluntarily and knowingly entered because his counsel was ineffective for failing to investigate and discover that the victim died of an overdose of Valium and not from the

injuries she sustained when Petitioner assaulted her during a burglary. Attachment #2, Respondent's Exhibit A at 65-72. The Arkansas Supreme Court has found that an allegation that a defendant was misled by his attorney into pleading guilty because of erroneous advice is not sufficient to void a conviction. Travis v. State, 286 Ark. 26, 28-29 (1985)("A ground sufficient to void a conviction must be one so basic that the judgment is a complete nullity, such as a judgment obtained in a court without jurisdiction to try the accused or a judgment obtained in violation of the provisions against double jeopardy."). Petitioner has not shown the three-year time limitation did not apply to his Rule 37 petition.

Thus, I find Petitioner's Rule 37 petition was untimely, and it did not toll the running of the limitations period under § 2244(d)(2) because it was not "properly filed" as required by that section. I further find Petitioner's coram nobis petition did not toll the running of the limitations period because the limitations period had expired by the time Petitioner filed the coram nobis petition in 2007. See Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853-55 (8th Cir.), cert. denied, 540 U.S. 1060 (2003)(holding that, because deadline for filing federal habeas petition had passed, later filing for post-conviction relief in state court did not toll federal statute of limitations).

11

III.

Petitioner also argues he is entitled to the benefit of equitable tolling. As the Court noted in Lawrence v. Florida, 549 U.S. 327, 336 (2007), it has not decided whether § 2244(d) allows for equitable tolling. The Eighth Circuit has found a court may apply equitable tolling to § 2244(d) where a petitioner has established two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Riddle v. Kemna, 523 F.3d 850, 857 (8th Cir. 2008); see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).[4] "[E]quitable tolling is appropriate only in rare cases," Von Eye v. U.S., 92 F.3d 681, 684 (8th Cir. 1996), "when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" Miller v. New Jersey State Dep't. Of Corrections, 145 F.3d 616, 618 (3rd Cir. 1998).

Petitioner states he was represented by counsel, who filed his 1985 Rule 37 petition but then failed to pursue the matter to completion. He states he hired new counsel, who filed the coram nobis petition in 2007. He argues he should not be punished for counsel's failure to pursue his Rule 37 petition.

Ineffective assistance of counsel ordinarily does not entitle a petitioner to equitable tolling. Walker v. Norris, 436 F.3d

---

[4] The Court assumed without deciding that equitable tolling applies to the statute of limitations in § 2244(d).

1026,1032-33 (8th Cir. 2006). Although egregious attorney misconduct may entitle a petitioner to equitable tolling, U.S. v. Martin, 408 F.3d 1089, 1093-95 (8th Cir. 2005)(finding counsel's conduct egregious where he advised petitioner there was no deadline; consistently lied about the filing deadline; repeatedly lied about the status of his case; refused to communicate with him or his family; neglected to file any documents, belated or not, on his behalf; and failed to return any of his paperwork to him despite repeated requests and then demands), ineffective assistance of counsel due to an attorney's negligence or mistake generally does not excuse an untimely filing. Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002), cert. denied, 539 U.S. 933 (2003). Ineffective assistance of counsel during post-conviction proceedings does not entitle a petitioner to the benefit of equitable tolling, because there is no constitutional right to counsel during that stage of criminal proceedings. Coleman v. Thompson, 501 U.S. 722, 752-53 (1991); Sweet v. Delo, 125 F.3d 1144 (8th Cir. 1997), cert. denied, Sweet v. Bowersox, 523 U.S. 1010 (1998).

Petitioner has never explained why he did not attempt to contact the state court about his Rule 37 petition during the almost twenty-five years he contends it has been pending there, especially after the AEDPA amendments in 1996. He has not pointed to any circumstance that prevented him from pursuing his rights diligently, and I find he is not entitled to equitable tolling.

IV.

Petitioner also argues his actual innocence should excuse his untimeliness. The Eighth Circuit has held that "actual innocence" may equitably toll § 2244(d) only where "some action or inaction by the state prevented petitioner from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the time limitation." As stated above in footnote two, Petitioner's own statements in his coram nobis petition indicate he learned of the medical records as early as 1979. Petitioner has not carried his burden and he may not assert equitable tolling on this basis. I find the petition is untimely and must be dismissed. There is no need to address Respondent's other arguments.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 16th day of March, 2010.

*/s/ Henry L. Jones, Jr.*
United States Magistrate Judge